# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS COSTELLO** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | NO. 09-5098 |
| **UNITE H.E.R.E.I.U LOCAL 54, UNITE H.E.R.E.I.U. LOCAL 54 BENEFITS OFFICE, H.E.R.E.I.U. WELFARE AND PENSION FUND, and CAESAR'S ENTERTAINMENT d/b/a HARRAH'S ENTERTAINMENT d/b/a BALLY'S d/ba/ CAESAR'S ATLANTIC CITY** | : | |
| **Defendants.** | : | |

DuBOIS, J.  May 10, 2010

<u>**M E M O R A N D U M**</u>

## I. INTRODUCTION

This is a case brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., in which plaintiff, Thomas Costello, *pro se*, alleges that defendants, UNITE H.E.R.E.I.U. Local 54 ("Local 54"), H.E.R.E.I.U. Welfare and Pension Fund ("the Fund") and Caesar's Entertainment ("Caesar's") are liable for bills Costello incurred in 2003 and 2004 for various medical problems.[1] Each of the defendants has moved to dismiss the Complaint or, alternatively, for summary judgment.

---

[1] Plaintiff also named UNITE H.E.R.E.I.U. Local 54 Benefits Office as a defendant. It is not a legal entity and appears to have been named as a defendant because of its relationship to the Fund. All claims against UNITE H.E.R.E.I.U. Local 54 Benefits Office are, accordingly, dismissed.

Costello has filed several documents in addition to the Complaint, including portions of the collective bargaining agreement between Local 54 and Caesar's and numerous records describing his medical problems and the cost of treatment. At a telephone conference held on April 19, 2010 Costello stated that he had provided all of the evidence in his possession and had no need for additional discovery.

The Fund filed several affidavits describing Costello's eligibility for benefits under the plan, and exhibits containing Explanation of Benefits ("EOB") letters sent to Costello describing the reason for the denial or partial denial of each of his claims. All of the defendants have relied on these affidavits in their submissions. In addition, by letter dated May 3, 2010, counsel for the Fund and Costello jointly reported that a settlement agreement in principle had been reached with respect to all of Costello's claims against the Fund.

By reason of the pending settlement, the Court defers ruling on the Fund's motion and will deny the motion as moot when a settlement is finalized. After reviewing the evidence presented, and the motion papers provided by Caesar's and Local 54, the Court concludes that there are no genuine issues of material fact as to Costello's claims against those parties. Accordingly, the motions for summary judgment filed by Caesar's and Local 54 are granted, for the reasons set forth below.

## II. BACKGROUND[2]

Caesar's hired Costello as a cook in May 2003. (Compl. ¶ 2; Affidavit of Gary Odenweller dated Jan. 11, 2010 ¶ 4. ("Odenweller Aff.")) From the date of his hire, Costello paid union dues as a member of UNITE H.E.R.E.I.U Local 54. (Compl. ¶ 3.)

---

[2] The following facts are undisputed unless otherwise noted and are presented in the light most favorable to Costello.

Pursuant to a collective bargaining agreement between Local 54 and Caesar's, Caesar's agreed to contribute to the H.E.R.E.I.U. Welfare and Pension Fund. (Local 54 Ex. A.) The Fund, in turn, provided coverage to eligible members of Local 54 employed by Caesar's as described in its June 2003 Summary Plan Description ("SPD"). (Fund Ex. A.)

According to the SPD, an employee working for an employer who is required to contribute to the Fund is not eligible for coverage from the Fund unless the employee has been employed for the "Work Period" – six consecutive calendar months in which the employee has worked at least one hour each month and for a total of at least 720 hours – and the "Lag Period" – the two consecutive calendar months following the Work Period. (Fund Ex. A. at 52.) Costello became eligible for benefits on January 1, 2004. (Odenweller Aff. ¶ 4.) The Fund mailed a "welcome packet," comprised of a cover letter, the SPD, and Costello's ID cards to an address in Conshohocken, Pennsylvania sometime after December 2, 2003. That package was returned with a label stating that Costello had moved. The Fund then sent another welcome package to a different Conshocken address on February 25, 2004. That package was never returned. (Affidavit of Susan Craighead ¶ 7,8.)

Costello sought treatment for various medical problems in 2003 and 2004:

- Between April and June, 2003, Costello had several dental procedures performed at the University of Pennsylvania Dental School. (Compl. ¶ 3.)

- On July 3, 2003, Costello was treated at Montgomery Hospital for muscle pain in his left knee. (Compl. ¶ 4.)

- On July 25, 2003, Costello received an endoscopic examination at Montgomery Hospital. (Compl. ¶ 5.)

- On October 1, 2003, Costello attempted suicide and was taken by ambulance to Montgomery Hospital for treatment. (Compl. ¶ 6.)

- In December 2003 Costello had a root canal procedure. (Compl. ¶ 7.)

- From June 2003 to October 2004, Costello attended group psychiatric meetings at the Eastern Pennsylvania Psychiatric Institute and at Hahnemann Hospital. (Compl. ¶ 8.)

- Costello also visited his private physician, Dr. Michael Overbeck. (Compl. ¶ 9.)

- On March 12, 2004, Costello was treated at Montgomery Hospital for severe neck pain. (Compl. ¶ 10.)

Costello submitted claims to the Fund for all such medical treatment. Each claim was denied. (Compl. ¶¶ 3-10; Odenweller Aff. ¶¶ 7-16.) Claims for procedures and visits in 2003 were denied on the ground that Costello was not eligible for coverage until January 1, 2004 (Odenweller Aff. ¶ 5.) Costello's claims for mental health services were denied because Costello failed to pre-certify his claims as required by the SPD. (Odenweller Aff. ¶ 8.) His dental claims were denied, in part, based on a fee-for-service schedule explained in the SPD. (Odenweller Aff. ¶¶ 9-10.) After each denial, the Fund sent Costello EOB forms informing Costello of the grounds for denial. (Odenweller Aff. ¶ 6.)

Costello filed a Complaint in the Court of Common Pleas of Philadelphia County on September 2, 2008 seeking payment of medical bills incurred between June 2003 and October 2004. Defendants filed a Notice of Removal in this court on November 5, 2009 on the ground that the Complaint pleaded claims under ERISA and the Labor Management Relations Act. Local 54 filed a Motion to Dismiss on November 13, 2009. Costello responded by filing a document entitled "Complaint" on January 11, 2010. All subsequent references to "Complaint" in this Memorandum

refer to the document of that title filed on January 11, 2010.

By Order dated January 22, 2010 the Court denied Local 54's Motion to Dismiss as moot because of the filing of the Complaint on January 11, 2010. The Fund filed a Motion to Dismiss or Alternatively for Summary Judgment on January 29, 2010, Local 54 filed a second Motion to Dismiss or Alternatively for Summary Judgement on February 2, 2010 and Caesar's filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)6) or, Alternatively, for Summary Judgment Pursuant to F.R.C.P. 56 on February 5, 2010. These three motions are currently pending before the Court, which has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### III. DISCUSSION

**A. Legal Standard**

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). After examining the evidence of record, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Where

the record taken as a whole not lead a reasonable trier to fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

**B. The Motions Filed by Caesar's and Local 54**

Caesar's argues that it is entitled to summary judgment on the allegations in Costello's Complaint because (1) the only mention of Caesar's in the Complaint is the fact that it hired Costello in May 2003, (2) there is no allegation, and no evidence, that Caesar's has breached the terms of its agreement with Local 54 and (3) Caesar's is an independent entity that has no legal obligation to provide Costello with medical coverage.

Local 54 makes similar arguments: (1) there is no allegation, or evidence, that it has breached the terms of its agreement with Caesar's and (2) Local 54 is an independent entity with no legal obligation to provide Costello with medical coverage.

Costello responds that Local 54 is independently liable because (1) the contract between Local 54 and Caesar's created a fiduciary obligation requiring it to pay Costello's medical bills and (2) the presence of two Local 54 executives on the board of the Fund also creates a fiduciary obligation requiring it to pay his medical bills.

The Court rejects the arguments that the contract between Caesar's and Local 54 or the mere presence of officials from Caesar's and Local 54 on the Fund's Board of Trustees creates a fiduciary obligation requiring Caesar's or Local 54 to pay benefits under ERISA. ERISA provides that a civil action may be brought by a beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132 (a)(1)(B). In such a claim "the defendant is the plan itself (or plan administrators in their individual capacities only)." Graden v. Conexant Sys., Inc. 496 F.3d 291, 301 (3d Cir. 2007).

Whether an entity can be sued under ERISA depends on whether the entity "maintained any control over the management of the plan's assets, management of the plan in general, or maintained any responsibility over the administration of the plan." Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994).

The mere presence of executives from both of those entities on the Fund's board of trustees, without more, does not make them liable under ERISA. See Trustee of Local 478 Trucking and Allied Indus. Pension Fund v. Siemens Corp., 721 F.2d 451, 456 (3d Cir. 1983) (explaining that "Congress required that administration of employee benefits funds be kept independent of union as well as employer control" and noting that an employer-appointed trustee is not an agent of the employer and has "directly antithetical" duties). Furthermore, there is no allegation in the Complaint, no evidence in the record, and hence no genuine issue of material fact, as to whether Local 54 or Caesar's exercised any control over the plan. Accordingly, the motions for summary judgment filed by Caesar's and Local 54 are granted. See Celotex, 477 U.S. at 322 (explaining that there can be no genuine issue where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); see also In re Ikon Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) ("Only evidence sufficient to convince a reasonable factfinder to find that all of the elements of [the] prima facie case merits consideration beyond the Rule 56 stage.")

**IV. CONCLUSION**

There are no genuine material issues of fact regarding Caesar's or Local 54's control over the administration of the plan. Thus, the motions for summary judgment filed by Caesar's and Local 54 are granted. The Court defers ruling on the Fund's Motion for Summary Judgment pending a joint report from the Fund and Costello confirming that Costello's claims against the Fund have been settled.